UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWNDRIKA LAWRENCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-247** |
| **CENTER PROPERTIES, LCC, ET AL.** | **SECTION D (3)** |

### ORDER

Before the Court is a motion from each defendant in this matter to dismiss Plaintiff Shawndrika Lawrence's Amended Complaint.[1] Lawrence has opposed each motion.[2] Because Plaintiff's claims are time-barred, the Court grants the Motions to Dismiss, and dismisses the Amended Complaint.

I.     **FACTUAL BACKGROUND**

This case involves a housing dispute. The Amended Complaint contains the following factual allegations. Plaintiff Shawndrika Lawrence moved into an apartment in Chalmette, Louisiana in November 2014.[3] Lawrence used a St. Bernard Parish Housing Choice Voucher and a Housing and Urban Development (HUD) contract to lease the property.[4] The apartment was leased by Gerald Miller.[5]

---

[1] R. Doc. 43 (Gerald Miller, ReMax Partners); R. Doc. 44 (St. Bernard Parish Government); R. Doc. 46 (Center Properties, LLC); R. Doc. 48 (State Farm); R. Doc. 49 (Anthony Vo).
[2] R. Doc. 50 (Opposition to Gerald Miller, ReMax Partners); R. Doc. 54 (Opposition to St. Bernard Parish Government); R. Doc. 52 (Opposition to Center Properties, LLC); R. Doc. 54 (Opposition to State Farm); R. Doc. 73 (Opposition to Anthony Vo).
[3] R. Doc. 45 at 29, 4 ¶¶ 13-17.
[4] *Id.* at 5 ¶ 20.
[5] *Id.* at 29 ¶ 13.

Upon moving into the property, Lawrence discovered water damage and mold.[6] Lawrence informed Miller of the issues with the property and requested he take action to remove the mold and fix the damage.[7] Lawrence alleges no such action was taken.[8] In May 2015, Lawrence was evicted for failure to pay rent.[9]

In April 2016, Lawrence—then represented by counsel—sued Center Properties in the 34th Judicial District Court, alleging the same state law claims she asserts in this action.[10] In January 2019, Lawrence fired her lawyer and proceeded *pro se*.[11] She filed an Amended Complaint in state court alleging new federal claims and adding five defendants: ReMax, Gerald Miller, State Farm, St. Bernard Parish Government, and Anthony Vo.[12] Plaintiff then removed her case to federal court, but the case was remanded to the 34th JDC.[13] On January 6, 2020, Lawrence filed a motion to have her state court case voluntarily dismissed without prejudice.[14] Plaintiff filed the instant action on January 22, 2020.[15]

Lawrence asserts three federal claims in her Amended Complaint: (1) violation of the State-Created Danger Doctrine (Count V); (2) violation of various federal laws, including the Federal Fair Housing Act of 1968, Title II of the Americans with Disabilities Act of 1990, Title I of the Housing Community Development Act of 1974,

---

[6] *Id.* at 8-9 ¶¶ 34-38.
[7] *Id.* at 9 ¶ 36, 11-12 ¶ 47.
[8] *Id.* at 15 ¶
[9] *Id.* at 17 ¶ 74.
[10] R. Doc. 45 at 17 ¶¶ 76-78.
[11] *Id.* at 18-19 ¶ 85.
[12] *Id.* at 19 ¶¶ 86-88.
[13] *Id.* at 19 ¶ 89.
[14] *Id.* at 45 ¶ 96.
[15] *See generally* R. Doc. 1.

and Section 504 of the Rehabilitation Act of 1973 (Count VI); and (3) violation of the Civil Rights Act of 1964 (Count VII).[16] Lawrence also alleges four state law claims: (1) breach of Warranty of Habitability and the Warranty against Vices and Defects (Count I); (2) failure to return security deposit (Count II); (3) violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (Count III); (4) unjust enrichment (Count IV).[17]

Each defendant now moves to dismiss Lawrence's Amended Complaint.[18] In their Motion to Dismiss,[19] which is joined by the St. Bernard Parish Government,[20] Miller and ReMax argue that Plaintiff's federal claims have prescribed and that prescription was not interrupted. They further argue that Plaintiff fails to state a claim for her state-created-danger and Civil Rights Act claims. Center Properties' Motion to Dismiss,[21] which is joined by State Farm,[22] makes similar arguments, and argues that Plaintiff fails to allege sufficient facts against it to state a claim. It further argues that Plaintiff fails to state a LUTPA claim. Anthony Vo moves to dismiss for the same reasons as Miller and Remax, and further argues he was not properly served.[23]

---

[16] R. Doc. 45 at 25-27 ¶¶ 113-117.
[17] *Id.* at 22-25 ¶¶ 103-112.
[18] R. Doc. 43 (Gerald Miller, ReMax Partners); R. Doc. 44 (St. Bernard Parish Government); R. Doc. 46 (Center Properties, LLC); R. Doc. 48 (State Farm); R. Doc. 49 (Anthony Vo). Anthony Vo has also filed a pending Motion to Dismiss plaintiff's original complaint. *See* R. Doc. 39. Because plaintiff filed an Amended Complaint, this Motion is directed toward the incorrect pleading. It shall therefore be dismissed without prejudice.
[19] R. Doc. 43.
[20] R. Doc. 44.
[21] R. Doc. 46.
[22] R. Doc. 48.
[23] R. Doc. 49.

3

Lawrence opposed each Motion to Dismiss,[24] arguing that some are untimely and that the Court should consider the state court litigation when determining whether to dismiss the federal claims as time-barred. She argues that the documents she attaches to her opposition (including those she has separately filed into the record[25]) support her claim. She also suggests that defendants have violated various federal criminal laws.

## II.   LEGAL STANDARD

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[26] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[27] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[28] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[29] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are

---

[24] *See* R. Doc. 50 (Opposition to Gerald Miller, ReMax Partners); R. Doc. 54 (Opposition to St. Bernard Parish Government); R. Doc. 52 (Opposition to Center Properties, LLC); R. Doc. 54 (Opposition to State Farm); R. Doc. 73 (Opposition to Anthony Vo).
[25] *See* R. Doc. 72. Plaintiff has submitted various exhibits she argues support the merits of her claim, including the various contracts and leases governing her rental of the property, inspection documentation, communications between plaintiff and defendants, pleadings, and a copy of the docket in this matter.
[26] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[27] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[28] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).
[29] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

true.[30]  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[31]

Courts construe briefs submitted by *pro se* litigants liberally, and therefore "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel."[32]  The Court has done so in this matter, holding a conference with Plaintiff and all counsel and allowing her to file both an untimely opposition to a Motion to Dismiss and to supplement the record with additional exhibits.[33]  That said, a court will not "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff the absence of meaningful, albeit imperfect, briefing."[34]

### III.  ANALYSIS

The Court first addresses Plaintiff's arguments that the motions to dismiss her amended complaint are untimely.  "Unless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after the service of the amended pleading, whichever is later."[35]  The record reflects that Plaintiff's Amended Complaint was filed on May 19, 2020.[36]  The Motions to Dismiss were filed between June 4, 2020, and June 11, 2020—or sixteen to twenty-three days after the Amended Complaint

---

[30] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[31] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[32] *Grant v. Cuellar*, 50 F.3d 523, 524 (5th Cir. 1995) (per curiam).
[33] R. Doc. 69. The Court further notes that Plaintiff's Opposition exceeds the page requirements.
[34] *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).
[35] Fed. R. Civ. P. 15(a)(3).
[36] R. Doc. 45. The Court notes that Plaintiff's Amended Complaint, too, was filed untimely.  Pursuant to this Court's Order, R. Doc. 31, Plaintiff was given 21 days from April 1, 2020 to file an Amended Complaint. The Amended Complaint was filed 48 days following that Order. Because Plaintiff was proceeding *pro se*, the Court allowed the untimely Amended Complaint.

was filed.[37]  The motions therefore were untimely.  But federal courts have broad discretion under Federal Rule of Civil Procedure 6(b) to consider such motions.[38]  Here, the Court had not even issued a scheduling order when the Motions to Dismiss were filed.  Moreover, defendants could have filed Motions under Federal Rule of Civil Procedure 12(c) asserting similar arguments to those made in their Motions.  Further, defendants had previously filed motions to dismiss based on Plaintiff's original complaint which were denied without prejudice when the Court allowed Plaintiff to file an Amended Complaint.[39]  Defendants' Motions also implicate the subject-matter jurisdiction of this Court, which may be raised *sua sponte* by the Court or the parties at any time.[40]  The Court therefore finds it is in the "interests of justice and judicial economy" to excuse the untimeliness of the re-filed motions and to consider the Motions to Dismiss.[41]

The Court next turns to Plaintiff's federal claims, which she alleges are the basis for jurisdiction in this Court.  The acts giving rise to these claims—namely, Plaintiff's occupancy of a purportedly dangerous household that defendants would not repair—took place in 2014 and 2015.  Lawrence moved into the apartment on November 10, 2014.[42]  She was evicted from the apartment on May 20, 2015.[43]  Thus,

---

[37] R. Doc. 43 (Gerald Miller, ReMax Partners); R. Doc. 44 (St. Bernard Parish Government); R. Doc. 46 (Center Properties, LLC); R. Doc. 48 (State Farm); R. Doc. 49 (Anthony Vo).
[38] Fed. R. Civ. P. 6(b); *see also U.S. ex re. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015).
[39] R. Docs 31, referencing R. Docs. 10, 27, 28, and 30.
[40] *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).
[41] *Doe v. Norwich Roman Catholic Diocesan Corp.*, 309 F. Supp. 2d 247, 250 (D. Conn. 2004).
[42] R. Doc. 45 at 8-9 ¶ 35.
[43] R. Doc. 45 at 17 ¶ 74.

the statute of limitations for Lawrence's claims began to run—at the latest—on May 20, 2015.

Plaintiff's first federal claim is for violation of the state-created danger doctrine against St. Bernard Parish Government. As an initial matter, the Fifth Circuit has not recognized the state-created danger theory.[44] But even assuming Plaintiff could maintain such a claim in this Circuit, it would be subject to a state of limitations of one year. Federal courts apply the state's statute of limitation for personal injury for claims such as Plaintiff's state-created danger claim.[45] Under Louisiana law, the prescriptive period for delictual actions is one year.[46] Thus, Plaintiff's purported state-created danger claim became time-barred, at the latest, May 20, 2016, one year after she moved out of her apartment.

Plaintiff's Count VI lists violations of four federal statutes: (1) the Federal Fair Housing Act, (2) The Americans with Disabilities Act, (3) the Housing and Community Development Act of 1974, and (4) the Rehabilitation Act. The Federal Fair Housing Act contains a two-year statute of limitations which beings to run "after the occurrence or termination of an alleged discriminatory housing practice."[47] The remaining statutes do not list a statute of limitations. The one-year statute of prescriptive period for personal injury actions under Louisiana law therefore applies.[48] Plaintiff's claims for these actions therefore became time-barred on May

---

[44] *See Doe ex rel. Magee v. Covington County School Dist. Ex rel Keys*, 675 f.2d 849, 865 (5th Cir. 2012).
[45] *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Fleckenstein v. Crawford*, 14-1085, 2015 WL 5829758, at *17 (M.D. Penn. Oct. 1, 2015).
[46] La. Civ. Code art 3492 ("Delcitual actions are subject to a liberative prescription of one year.").
[47] 42 U.S.C. § 3613(a)(1)(A).
[48] La. Civ. Code art. 3492; *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) ("When a federal statute does not contain a limitations period . . . the settled practice is to borrow an

20, 2017, as to the FFHA claim, and May 20, 2016, as to the ADA, HCDA, and Rehabilitation Act claims.

Plaintiff's Count VII alleges a violation of the Civil Rights Act of 1964. Plaintiff does not allege facts to support a claim under the Civil Rights Act, nor does she make clear which portion of the Civil Rights Act she moves under. This claim is therefore subject to dismissal for failure to state a claim. Moreover, because the Civil Rights Act does not include a statute of limitations, the statute of limitations for a claim for damages under the Civil Rights Act is also Louisiana's one-year prescription period.[49]

As illustrated above, the statute of limitations for Lawrence's federal claims ran either one or two years after May 20, 2015, the last possible date she alleges any sort of injury. Lawrence filed this suit on January 22, 2020, well after her claims became time-barred. Further, even though Plaintiff had previously filed a state court suit based on the same factual allegations, the Court finds that prescription was not interrupted by that lawsuit. Even assuming that the state court suit, which initially only included state law claims, would have interrupted prescription, Plaintiff acknowledges she voluntarily dismissed that suit. Under Louisiana law, a plaintiff who voluntarily dismisses a suit loses the advantage of the interruption of prescription, as the interruption is considered never to have occurred.[50] Because Lawrence's federal claims all prescribed years before she filed

---

"appropriate" statute of limitations from state law."); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982-83 (5th Cir. 1992) (holding that the Texas statute of limitations for personal injury claims applied to claims under Section 504 of the Rehabilitation Act); *Bailey v. Bd. of Commr's of La. Stadium & Exposition Dist.*, 441 F. Supp. 3d 321, 339 (5th Cir. 2020) (applying Louisiana's one-year prescription period for personal injury actions to a claim under the ADA).
[49] La. Civ. Code art 3492; *Smith v. Olinkraft, Inc.*, 404 F. Supp. 861, 863 (W.D. La. 1975).
[50] La. Civ. Code. art. 3463 ("Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of

this action, and because no interruption occurred, the Court dismisses Lawrence's claims listed in Counts V, VI, and VII. Having found that Plaintiff's federal claims are prescribed, the Court need not address the Defendants' additional grounds for the Motions to Dismiss.

Having dismissed Plaintiff's federal claims, the Court declines supplemental jurisdiction over Plaintiff's pendant state law claims listed in Counts I, II, III and IV.[51] Those claims are therefore dismissed without prejudice for lack of jurisdiction.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss are **GRANTED**.[52]  **IT IS FURTHER ORDERED** that Anthony Vo's Motion to Dismiss the Original Complaint is **DISMISSED WITHOUT PREJUDICE**.[53]  **IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** as to claims V, VI, and VII, and **DISMISSED WITHOUT PREJUDICE as to claims I, II, III, and IV.**

New Orleans, Louisiana, this 17th day of August, 2020.

*(signature)*
WENDY B. VITTER
U.S. District Judge

---

record or thereafter, or fails to prosecute the suit at the trial."); *see also Orleans Parish Sch. Bd. v. U.S. Gypsum Co.*, 892 F. Supp. 794, 803 (E.D. La. 1995).

[51] 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

[52] R. Doc. 43 (Gerald Miller, ReMax Partners); R. Doc. 44 (St. Bernard Parish Government); R. Doc. 46 (Center Properties, LLC); R. Doc. 48 (State Farm); R. Doc. 49 (Anthony Vo).

[53] R. Doc. 39.